[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
According to the amended complaint dated January 13, 1993, plaintiffs Edward and Joan Jarsen purchased a 1985 LaBelle Twin Oil Screw Trawler known as "Free Spirit" from defendant Miller Yacht Sales in April of 1985. They allege that prior to taking delivery of the vessel they noticed CT Page 13041 cracks in the fiber glass in various parts of the vessel and that although the defendant attempted to repair the vessel prior to delivery, the repairs were unsatisfactory. They further allege that after the vessel was put in operation the cracks in the fiber glass reappeared "indicating that the cause of such cracking was a defect in the structural design of the vessel." They claim that defendant has failed to make the necessary repairs, forcing plaintiffs to seek performance of same by others. They claim that as a proximate consequence of the acts and/or omissions of the defendant, the vessel sustained damage and cracking to various structural areas including the flying bridge and flying bridge door sill, forcing the plaintiffs to repair same.
A trial to the court was held on November 7th and 8th, 1995. After hearing all the evidence, the court finds the following:
* Prior to taking possession of the boat, plaintiffs noticed that there were cracks in the fiber glass which defendant attempted to fix.
* Further cracks in the fiber glass in various sizes occurred throughout the vessel after plaintiffs brought the vessel to Connecticut.
* The defendant assured the plaintiffs that it would take care of the cracks in the fiber glass.
* On July 1, 1985 Mr. Jarsen (one of the plaintiffs) wrote to defendant's salesman and gave him instructions on how to get to a marina in Mystic where he was keeping the boat. He expected that defendant would send someone to take care of any problems with the boat. In his letter he stated, "I expect that only my fiber glass problems will be worked on and there are not too many of those." (Defendant's Ex. J.). Defendant sent no one to Mystic because fiber glass spraying was not allowed at that marina.
* The plaintiffs did not return the boat to the defendant in 1985, but stored it in the winter of 1985-86 with Portland River Marina, Inc. located in Portland, Connecticut.
* In April of 1986 Mr. Jarsen went to the Portland Marina to check on the boat. He noticed that a whole section of the CT Page 13042 boat had torn away. He called the defendant. Donald Miller, principal owner of defendant, wrote him a letter telling him to return the boat.
* Mr. Jarsen returned the boat in May of 1986.
* When the boat was returned, Mr. Miller examined it and was surprised to find extensive structural damage.
* The plaintiffs failed to prove their allegations that the cause of cracking in the fiber glass was a defect in the structural design of the vessel.
* Furthermore, the plaintiffs failed to prove that the defendant (and not Portland River Marina) was responsible for any structural damage.
* Defendant agreed to repair the structural damage as well as the cracks in the fiber glass.
* The defendant began to repair the vessel and by the end of June the work was two-thirds completed.
* On July 3, 1996 the plaintiffs took the boat back to Connecticut because Mr. Jarsen was dissatisfied that the work was taking so long to complete.
* The plaintiffs took the boat to have the work completed by Michael Horan Yacht Service. That company did some work on the vessel and sent a bill to the plaintiffs for $4,100. The plaintiffs paid $2,800 toward the bill, and their insurance company paid the rest.
* The plaintiffs are seeking damages which the court finds they have failed to prove. The only evidence of their damages is the bill for $4,100 from Michael Horan Yacht Service. However, it is not clear how much of that bill, if any, was incurred as a result of fiber glass cracking. Also, it is not clear how much of the bill was incurred as a result of the structural damage which developed at the Portland Marina. Clearly, the defendant cannot be held responsible for any structural damage that occurred in Portland.
* Mr. Jarsen claimed at trial that he was only able to CT Page 13043 sell the vessel for $99,000 even though he had paid over $140,000 for it. However, he failed to prove that any loss on the sale was due to liability on the part of the defendant.
Judgment may enter for the defendant.
Frances Allen State Judge Referee